UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 10 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Aaron Hunter-El, )
 )
      Plaintiff, )
 )     Civil Action No. 18-440 (UNA)
 )
 )
M. Hamilton *et al.*, )
 )
      Defendants. )

MEMORANDUM OPINION

Plaintiff is a prisoner currently incarcerated at the United States Penitentiary ("USP") in Lewisburg, Pennsylvania. He has submitted an application to proceed *in forma pauperis* and a Complaint for Violation of Civil Rights. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that, among other enumerated grounds, fails to state a claim upon which relief may be granted.

Plaintiff has sued his former warden and other Bureau of Prisons employees in their official and individual capacities. *See* Compl. Caption; Mot. for Correction of Errors ¶ 3 [Dkt. # 6]. The complaint arises from alleged events that took place in October and November of 2017, Compl. ¶ IV, when plaintiff was placed in the Special Housing Unit ("SHU") at USP Big Sandy in Inez, Kentucky, from which plaintiff was recently transferred. *See* Apr. 18, 2018 Not. of Change of Address. Plaintiff alleges that at USP Big Sandy, the defendants "conspir[ed] to send [him] to a completely unconstitutional punitive program . . . against [his] political and

1

religious objections, without a judicial trial." Compl. at 5.[1] Allegedly, plaintiff remained in the SHU for 90 days awaiting this unconstitutional process, which is a species of false imprisonment and a liberty interest as pertains to a Moorish-American citizen." *Id.* Plaintiff alleges that he attended an "SMU hearing" on January 23, 2018, where he raised his "religious and political (constitutional) objections to the SMU," *id.* at 8, but he was "still being illegally detained in the hole at USP Big Sandy" when he signed the instant complaint on January 29, 2018. Compl. at 17.

Plaintiff demands $7 million in monetary damages, *id.* at 11, although "no physical injuries were sustained," *id.* at 10. Plaintiff posits that his "constitutional rights are considered property and any violation of them is property damage, and any deprivation of them is deprivation of property without due process of law, which require just compensation." *Id.* Despite plaintiff's puzzling assertion of injury, he has stated no claim since, by his own admission, plaintiff received the process due him on January 23, 2018. *See Staples v. United States*, 948 F. Supp. 2d 1, 2 (D.D.C. 2013) (finding prisoner's due process claim belied by his receipt of "notice and a meaningful opportunity to be heard"); *English v. D.C.*, 815 F. Supp. 2d 254, 266 (D.D.C. 2011), *aff'd*, 717 F.3d 968 (D.C. Cir. 2013) (noting that "courts have found that an agency's mere delay or failure to follow its own procedures does not amount to an automatic violation of constitutional due process," and finding no procedural due process claim stated where the plaintiff's "own factual allegations confirm that he received all the process he was due"); *Am. Towers, Inc. v. Williams*, 146 F. Supp. 2d 27, 33 (D.D.C. 2001), *aff'd*, 50 Fed. App'x 448 (D.C. Cir. 2002) (concluding that "sufficient notice and opportunity to be heard at a meaningful time and in a meaningful manner . . . is all that due process requires") (citing

---

[1] The page citations are those assigned by the electronic case filing system.

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *UDC Chairs v. Board of Trustees of the University of the District of Columbia*, 56 F.3d 1469, 1472 (D.C. Cir. 1995)); see also *Aref v. Lynch*, 833 F.3d 242, 258 (D.C. Cir. 2016) ("Because the cardinal principle in due process analysis is flexibility—*i.e.*, attention to relevant context and consideration of competing interests—only minimal process is likely due" in the prison context) (citation omitted)). Plaintiff, moreover, has alleged no injury arising from the delayed hearing, which necessarily defeats his claim for monetary relief. *Cf. Aref*, 833 F.3d at 266 (concluding that "a prisoner may recover [monetary] damages under the [Prison Litigation Reform Act] if he can show an *actual injury*—separate from any mental or emotional harm—for which damages can be reasonably ascertained") (emphasis added)). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 10th, 2018

_____
United States District Judge